**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-2312**

DAOUDI SIF ESSALAM,

Petitioner,

versus

MICHAEL B. MUKASEY, Attorney General,

Respondent.

**No. 07-1137**

DAOUDI SIF ESSALAM,

Petitioner,

versus

MICHAEL B. MUKASEY, Attorney General,

Respondent.

On Petitions for Review of Orders of the Board of Immigration Appeals. (A96-451-623)

Submitted: November 30, 2007        Decided: December 20, 2007

Before KING, GREGORY, and SHEDD, Circuit Judges.

Petitions denied by unpublished per curiam opinion.

———————

Jason A. Dzubow, MENSAH, BUTLER & DZUBOW, P.L.L.C., Washington, D.C., for Petitioner.   Peter D. Keisler, Assistant Attorney General, Blair T. O'Connor, Senior Litigation Counsel, Surell Brady, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Daoudi Sif Essalam, a native and citizen of Morocco, petitions for review of two separate decisions of the Board of Immigration Appeals ("Board"). In No. 06-2312, he challenges the Board's decision affirming the immigration judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture.[*] In No. 07-1137, he challenges the Board's denial of his motion to reopen and reconsider. We deny both petitions for review.

To obtain reversal of a determination denying eligibility for asylum relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Essalam fails to show the evidence compels a contrary result. Accordingly, we cannot grant the relief that he seeks.

Additionally, we uphold the immigration judge's denial of Essalam's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even

_____

[*]Essalam does not challenge on appeal the denial of protection under the Convention Against Torture. We therefore find that he has waived appellate review of this claim. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3) [(2000)]." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Essalam fails to show that he is eligible for asylum, he cannot meet the higher standard for withholding of removal.

In No. 07-1137, we have reviewed the record and the Board's order and find that the Board did not abuse its discretion in denying Essalam's motion to reopen and reconsider. See 8 C.F.R. § 1003.2(a) (2007); INS v. Doherty, 502 U.S. 314, 323-24 (1992) (standard of review of denial of motion to reopen); Jean v. Gonzales, 435 F.3d 475, 481, 482-83 (4th Cir. 2006) (standard of review of denial of motion to reconsider). We therefore deny this petition for review for the reasons stated by the Board. In re Essalam, No. A96-451-623 (B.I.A. Jan. 30, 2007).

Accordingly, we deny the petitions for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITIONS DENIED

- 4 -